| | |
|---|---|
| PATRICK D. ROBBINS (CABN 152288)<br>Acting United States Attorney | GAIL IVENS (CABN 116806)<br>P.O. Box 2033<br>Monterey, California 93940 |
| MARTHA A. BOERSCH (CABN 126569)<br>Chief, Criminal Division | Tel:    (213) 247-5282<br>g.ivens.attorney@gmail.com |
| DANIEL N. KASSABIAN (CABN 215249)<br>Assistant United States Attorney | Attorney for Defendant Tyler Revels |
| 450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102-3495<br>Tel:    (415) 436-7034<br>Fax:    (415) 436-7234<br>daniel.kassabian@usdoj.gov | |

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TYLER REVELS,<br><br>    Defendant. | NO. 21-CR-403 VC<br><br>JOINT STATUS REPORT |

Per the Court's Order Requesting Joint Status Report, *see* Dkt. No. 141, the parties hereby provide the Court with a report regarding Docket Nos. 137, 138, 139, 140.

**I.    STATUS REGARDING DOCKET NOS. 137 AND 139**

The defendant, Tyler Revels, requested appointment of counsel to represent him regarding a sentence reduction pursuant to Amendment 821 of the Sentencing Guidelines because he was on probation at the time of the instant offense. *See* Dkt. No. 137. In response to this request, the Court ordered defense counsel to represent Mr. Revels solely for the limited purpose of assessing eligibility and filing of a motion for reduction of sentence under the retroactive provisions of Amendment 821. *See* Dkt. No. 139.

It is the government's position that Amendment 821 does not afford this defendant any relief.

1   The defendant's Criminal History Point total of 14, as calculated in the Pre-Sentence Investigation
2   Report (PSR), Dkt. No. 55, which the Court adopted, included 2 points pursuant to prior Guidelines
3   § 4A1.1(d), because the defendant was on probation at the time of the instant offense.  *See* PSR
4   ¶¶ 42-43.  Pursuant to Amendment 821, which is retroactive, instead of those 2 points, only 1 point
5   should be added pursuant to current Guidelines § 4A1.1(e), because the defendant had 7 or more
6   criminal history points otherwise, and committed the instant offense while under probation.

7      The above would not change that Mr. Revels is a Criminal History Category VI, which applies
8   when a defendant has a total of 13 or more criminal history points.  Consequently, there would be no
9   change in his Guidelines sentence so as to warrant the Court considering a different sentence, and no
10  further action by the Court on Mr. Revels's request to evaluate resentencing pursuant to Amendment
11  821 is necessary.

12     Further, the government notes that were the Court to resentence the defendant to effectuate this
13  change, the Court would also need to include any additional criminal history points for offenses
14  committed between Mr. Revels's original sentencing and the resentencing pursuant to Guidelines
15  § 4A1.2(a) Application Note 1, which states that a "sentence imposed after the defendant's
16  commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence
17  [for assessing criminal history points] if it was for conduct other than conduct that was part of the instant
18  offense."  In this case, Mr. Revels was convicted of Cal. Penal Code § 69, a felony, and Cal. Penal Code
19  § 136.1(c)(3), also a felony, and was sentenced to 2 years concurrent in state prison on January 2, 2024,
20  which was after his original sentencing on June 15, 2023.  So, were he to be resentenced today, Mr.
21  Revels would be assigned 3 additional criminal history points for these convictions pursuant to
22  Guideline § 4A1.1(a).  Given that addition, and the reduction caused by Amendment 821, his new
23  Criminal History Points total would be 16, which is more than the total at the time of his original
24  sentencing.

25     Defense counsel has advised Mr. Revels regarding Amendment 821 and takes no position on this
26  matter herein.

27  **II.  <u>STATUS REGARDING DOCKET NO. 138</u>**

28     The Court ordered defense counsel to represent Mr. Revels, solely for the limited purpose of

JOINT STATUS REPORT                           2
Case No. 21-CR-403 VC

1  evaluating the merits of a 2255 motion and the filing of a 2255 motion, if necessary.  *See* Dkt. No. 138.

2  It is the government's position that the appointment of defense counsel for this purpose is not required under the law.  Mr. Revels has not requested counsel be appointed for this purpose.  Even if the Mr. Revels did so, the Sixth Amendment right to counsel does not apply in § 2255 proceedings.  *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990).  A court may appoint counsel for a prisoner seeking habeas relief under § 2255, however, when "the court determines that the interests of justice so require and such person is financially unable to obtain representation."  *See* 18 U.S.C. § 3006A(a)(2)(B).  Appointment of counsel is mandated only if the court permits discovery or grants an evidentiary hearing in a § 2255 proceeding.  *See* Fed. R. Gov. § 2255 Proc. 6(a) ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.") & 8(c) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").  Because none of the circumstances requiring the appointment of counsel for a § 2255 proceeding are present in this case, the Court should vacate its Order in Docket No. 138.

Defense counsel has no position on this matter.

### III. STATUS RE DOCKET NO. 140

In a Memorandum opinion, a panel of the Court of Appeals for the Ninth Circuit affirmed the judgment of this Court in this case.  *See* Dkt. No. 140.  No further action is required of this Court as a result of that opinion.

DATED: April 7, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

　　　/s/
DANIEL N. KASSABIAN
Assistant United States Attorney


　　　/s/　　　　　　　　　　　　　　　.
GAIL IVENS
Attorney for Defendant TYLER REVELS

JOINT STATUS REPORT
Case No. 21-CR-403 VC